## FRAZER v. STATE. (No. 11978.)

Court of Criminal Appeals of Texas. Jan. 9, 1929.

J. O. Duncan, of Sulphur Springs, for appellant.

A. A. Dawson, State's Atty., of Austin, for the State.

MORROW, P. J. Transporting liquor is the offense; punishment fixed at confinement in the penitentiary for a period of one year.

The following is a synopsis of the evidence of the state on direct examination: The witness Odell saw Marvin Frazer and Elvin Laws in a Ford automobile driven by the latter. The car stopped in the rear of a drug store. Laws stepped out of the car and carried with him two half-gallon jars of whisky. Odell sought to intercept him, but Laws broke the jars contàining the whisky. Frazer took charge of the car and drove it around the store. Laws came out of the front door of the drug store, got into the car, and the two left in the automobile. They were brothers-in-law.

In substance, the testimony of the appellant's witnesses was to the effect that his car was painted in a peculiar manner; that one Fay Biddles possessed a car similarly painted; that at the time of the transaction in question the appellant's car was used by his wife and not by the appellant; that Biddles' car and that of the appellant were so much alike that it was difficult to distinguish between them; that Laws left the home of one Sidney Jones in Biddles' car on the morning of the day on which the offense was committed, and was seen to pick up the appellant along the road. There was testimony that Biddles had stayed at the house of the witness Jones, but that at the time of the trial had gone to Arkansas, where he lived.

For the state the witness Odell testified in rebuttal that the car in which the whisky was transported had a Texas number, which the witness gave. Campbell, the sheriff, testified that Frazer's car had a Titus county number on it. This testimony tended to show that the number corresponded with that which Odell said was on the car in which the whisky was transported.

The conflict touching the identity of the car used in transporting the liquor and used by the appellant at the time presented a question for the jury to decide. The circumstances were such as to justify the inference that the appellant was aware of the presence of the whisky in the car.

No complaint of the court's ruling, save that in overruling the motion for new trial, is presented for review.

The evidence is deemed sufficient to support the verdict.

The judgment is affirmed.